ELECTRONICALLY FILED
2020 Mar 16 PM 4:40
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000674

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| JESSICA NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2019-CV-000674 |
| | ) | |
| vs. | ) | Division No. |
| | ) | |
| | ) | Pursuant to K.S.A. Chapter 60 |
| BOB AND TERESA, INC. d/b/a, | ) | |
| BOB HAMILTON PLUMBING, INC. | ) | |
| Serve registered agent: | ) | |
| Bob Hamilton | ) | |
| 7899 Frontage Road, | ) | |
| Overland Park, KS 66204, | ) | |
| | ) | |
| Defendant. | ) | |

## RETURN OF SERVICE FOR CERTIFIED MAIL

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) *ss:* |
| COUNTY OF JACKSON | ) |

I, the undersigned, being duly sworn, state I have served the *Petition and Summons* issued in the above-referenced matter on American Residential Services, L.L.C., d/b/a Bob Hamilton Plumbing, Inc, Serve: Registered Agent: Corporation Service Company, 2900 S.W. Wanamaker Drive, Suite 204, Topeka, KS  66614, via certified mail on the 13th day of March, 2020, as per the U.S. Postal Service Certified Mail Receipt attached hereto as Exhibit A.

Ashley E. Billam

Exhibit A

SUBSCRIBED and SWORN to before me this 16th day of March, 2020.

Lisa Malaponte
Notary Public

My Appointment Expires:

10-28-22

LISA MALAPONTE
Notary Public - Notary Seal
Jackson County - State of Missouri
Commission Number 14630792
My Commission Expires Oct 28, 2022

2



SENDER: *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AMERICAN RESIDENTIAL SERVICES, LLC
dba BOB HAMILTON PLUMBING INC.
SERVE: REGISTERED AGENT. CORPORATION
SERVICE COMPANY
2900 SW WANAMAKER DRIVE
SUITE 204
TOPEKA, KS 66614

9590 9402 5417 9189 1808 70

2. Article Number (Transfer from service label)

7019 1120 0001 7996 5589

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
Qudra Adkins      3/13/20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



EXHIBIT
A

ELECTRONICALLY FILED
2020 Mar 10 PM 3:33
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000674

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| JESSICA NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2019-CV-000674 |
| | ) | |
| vs. | ) | Division No. |
| | ) | |
| | ) | Pursuant to K.S.A. Chapter 60 |
| BOB AND TERESA, INC. d/b/a, | ) | |
| BOB HAMILTON PLUMBING, INC. | ) | |
| Serve registered agent: | ) | |
| Bob Hamilton | ) | |
| 7899 Frontage Road, | ) | |
| Overland Park, KS 66204, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMERICAN RESIDENTIAL | ) | |
| SERVICES L.L.C. d/b/a | ) | |
| BOB HAMILTON PLUMBING, INC. | ) | |
| Serve Registered Agent: | ) | |
| Corporation Service Company | ) | |
| 2900 SW Wanamaker Drive, Suite 204 | ) | |
| Topeka, Kansas 66614 | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff, Jessica Newton, by and through her attorneys of record, Shamberg, Johnson & Bergman, Chartered, and for her cause of action against Defendant hereby states and alleges as follows:

## PARTIES

1.   Plaintiff Jessica Newton is a citizen and resident of Kansas.

2.   Bob and Teresa, Inc., formerly known as and d/b/a as Bob Hamilton Plumbing, Inc., was, at all times relevant herein, a Kansas corporation, active and in good standing under

the laws of the State of Kansas.  At all times relevant herein, Defendant Bob and Teresa, Inc. did business at the address 7899 Frontage Road, Overland Park, Kansas 66204, where it offered home services, including, but not limited to, heating, cooling, plumbing, sewer and electrical installation, and repair.  Defendant may be served through its registered agent, Bob Hamilton, at 7899 Frontage Road, Overland Park, Kansas 66204.

3.      American Residential Services L.L.C. is, and was at all times relevant herein, a Delaware corporation, registered, active, and in good standing to do business in the State of Kansas.  Upon information and belief, at all times relevant herein, American Residential Services L.L.C. did business in Kansas as Bob Hamilton Plumbing, Inc., following the purchase of Bob Hamilton Plumbing Inc. by American Residential Services L.L.C. sometime prior to the events alleged herein. Defendant may be served through its registered agent, Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

4.      As used herein, Bob Hamilton Plumbing, Inc. refers to Bob and Teresa, Inc. d/b/a Bob Hamilton Plumbing, Inc. and/or American Residential Services L.L.C. d/b/a Bob Hamilton Plumbing, Inc.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this claim pursuant to the Kansas Constitution, Article III, Section 3, and K.S.A. § 20-301.

6.      The Court has jurisdiction over Defendant Bob and Teresa, Inc. as Defendant Bob and Teresa, Inc. is a Kansas entity doing business in Kansas, and as the conduct alleged herein occurred in Kansas.

7.     The Court has jurisdiction over American Residential Services L.L.C. as American Residential Services L.L.C. is a foreign entity registered to do business in Kansas and the conduct alleged herein occurred in Kansas.

8.     Venue is proper in this judicial district pursuant to K.S.A. § 60-604(2) and § 60-603(3), as the acts giving rise to the causes of action herein alleged were committed within Wyandotte County.

## AGENCY

9.     All actions and failures to act of the employees, agents, and servants of Bob and Teresa, Inc., including but not limited to repairmen and salesmen, were performed within the scope of their employment or agency with Defendant Bob and Teresa, Inc. and/or American Residential Services L.L.C.   Defendant Bob and Teresa, Inc. and/or American Residential Services L.L.C. are vicariously liable for the actions and failures to act of said persons.

## ALLEGATIONS COMMON TO ALL COUNTS

10.     On October 9, 2017, an agent of Defendant Bob and Teresa, Inc. and/or American Residential Services L.L.C. arrived at Plaintiff's home and conducted an evaluation of her furnace and air conditioner.   The agent of Bob and Teresa, Inc. and/or American Residential Services L.L.C. suggested repair or replacement of Plaintiff's system, in whole or in part, and gave Plaintiff six options to choose from.

11.     Plaintiff chose to purchase a new furnace and humidifier, and have Bob Hamilton Plumbing, Inc. install the new furnace and humidifier.

12.     On that same date, Bob Hamilton Plumbing, Inc. installed a new furnace, including a flue, and a humidifier in Plaintiff's home.

13. Plaintiff began using the humidifier immediately and immediately noticed excessive condensation on her windows and patio doors.

14. Plaintiff called Bob Hamilton Plumbing Inc. to come back out and assess the humidifier, but no agent of Bob and Teresa, Inc. and/or American Residential Services L.L.C. did so.

15. After about a month of the humidifier causing excessive condensation on her windows and patio doors, Plaintiff told Bob Hamilton Plumbing, Inc. to remove the humidifier. An agent of Bob and Teresa, Inc. and/or American Residential Services L.L.C. removed the humidifier and patched the hole where it had been installed in her furnace.

16. In January, after the temperatures dropped and Plaintiff began using her furnace, Plaintiff began feeling unwell. Plaintiff experienced weakness, fatigue, nausea, and upset stomach, among other symptoms.

17. Plaintiff was unable to work because of her illness.

18. Plaintiff sought medical treatment, but doctors were unable to diagnose the cause of her illness.

19. Throughout 2018, Plaintiff continued to feel unwell, often barely able to get out of bed.

20. In May, 2018, Plaintiff attempted to turn on her air conditioner, but it would not run.

21. On May 23, 2018, Koch Heating and Cooling inspected Plaintiff's air conditioner. Koch Heating and Cooling determined that Bob Hamilton Plumbing, Inc. had failed to reconnect a line to her air conditioner when agents of Bob and Teresa, Inc. and/or American Residential Services L.L.C. installed her humidifier and furnace.

22.     Plaintiff called Bob Hamilton Plumbing, Inc. and agents of Bob and Teresa, Inc. and/or American Residential Services, L.L.C. repaired her air conditioner.

23.     On August 8, 2018, Unified Government of Wyandotte County/Kansas City, Kansas Building Inspection Division inspected Plaintiff's Air Conditioner and Furnace. The inspector found code violations, including a hole in the flue.

24.     On August 23, 2018, KB Complete inspected Plaintiff's Air Conditioner and Furnace.  KB Complete found that the flue to Plaintiff's furnace was not connected, causing carbon monoxide to be drawn through the return air into Plaintiff's house. KB Complete fully replaced Plaintiff's furnace and air conditioner.

25.     Following KB Complete's replacement of Plaintiff's furnace, testing showed carbon monoxide was no longer leaking into Plaintiff's home.

26.     As a result of the acts and omissions of agents of Bob and Teresa, Inc. and/or American Residential Services, L.L.C.  carbon monoxide leaked into Plaintiff's home for months and Plaintiff experienced and continues to experience signs and symptoms of carbon monoxide poisoning, including, but not limited to, headache, nausea, muscle pain, joint pain, chronic fatigue, numbness, attention problems, trouble finding words, short-term memory problems, anxiety, lack of motivation, loss of interest, sleep disturbances, nightmares, blurry vision, decreased coordination, problems speaking, balance problems, and tremors.

27.     As a result of these continued symptoms, Plaintiff has been unable to return to work.

28.     As a result of the acts and omissions of Defendants Bob and Teresa, Inc. and/or American Residential Services L.L.C., by and through their agents, servants and employees, Jessica Newton has suffered injuries causing her to have pain, suffering, disabilities,

disfigurement, mental anguish, loss of earnings, loss of employment benefits, and she has incurred, and will continue to incur, medical expenses.

29.     As a result of the acts and omissions of Defendants Bob and Teresa, Inc. and/or American Residential Services L.L.C., by and through its agents, servants and employees, Jessica Newton incurred the cost of numerous inspections and evaluations of her heating and cooling system, the full replacement of her furnace, and the cleaning and sanitizing of her ductwork and vents.

<u>COUNT I:</u>
<u>NEGLIGENCE AGAINST BOB AND TERESA, INC.</u>

30.     Plaintiff incorporates the foregoing allegations as though fully set forth herein.

31.     Defendant Bob and Teresa, Inc., by and through its agents, servants and employees, had a duty to Jessica Newton to exercise ordinary care in the conduct of its business, specifically in the installation of Jessica Newton's furnace and humidifier.

32.     Defendant Bob and Teresa, Inc., by and through its agents, servants and employees, breached their duty to exercise ordinary and was thereby negligent in the following ways:

a.     failing to correctly connect the flue during the installation of Plaintiff's furnace;

b.     designing and installing a system that allowed carbon monoxide to be released into Plaintiff's home and distributed throughout her home by her return air system;

c.     failing to follow its own protocols, policies and/or procedures or by failing to create and implement proper protocols, policies and/or procedures;

d.     failing to properly train its agents, servants and employees; and

e.     in such other ways as may be established by the evidence.

33.     As a direct and proximate result of the negligence of Defendant Bob and Teresa, Inc., by and through its agents, servants and employees, Jessica Newton suffered injuries and permanent disability.  Jessica Newton has suffered and will continue to suffer in the future pain, suffering, disability, disfigurement, mental anguish, deterioration of her physical and mental status, loss of earnings, loss of employment benefits, and a reduction of her enjoyment of life.  In addition, Jessica Newton has suffered damages in the form of past medical bills and expects to incur future medical bills for ongoing treatment and care.  Jessica Newton has also suffered damages in the form of the cost of evaluations and inspections of her furnace, the replacement of her furnace, and cleaning and sanitizing her heating and cooling system.

## COUNT II:
## NEGLIGENCE AGAINST AMERICAN RESIDENTIAL SERVICES L.L.C.

34.     Plaintiff incorporates the foregoing allegations as though fully set forth herein.

35.     Defendant American Residential Services, L.L.C., by and through its agents, servants and employees, had a duty to Jessica Newton to exercise ordinary care in the conduct of its business, specifically in the installation of Jessica Newton's furnace and humidifier.

36.     Defendant American Residential Services, L.L.C., by and through its agents, servants and employees, breached its duty to exercise ordinary care and was thereby negligent in the following ways:

        a.      failing to correctly connect the flue during the installation of Plaintiff's furnace;

        b.      designing and installing a system that allowed carbon monoxide to be released into Plaintiff's home and distributed throughout her home by her return air system;

        c.      failing to follow its own protocols, policies and/or procedures or by failing to create and implement proper protocols, policies and/or procedures;

Page **7** of **19**

d.      failing to properly train its agents, servants and employees; and

e.      in such other ways as may be established by the evidence.

37.     As a direct and proximate result of the negligence of Defendant American Residential Services, L.L.C., by and through its agents, servants and employees, Jessica Newton suffered injuries and permanent disability.  Jessica Newton has suffered and will continue to suffer in the future pain, suffering, disability, disfigurement, mental anguish, deterioration of her physical and mental status, loss of earnings, loss of employment benefits, and a reduction of her enjoyment of life.  In addition, Jessica Newton has suffered damages in the form of past medical bills and expects to incur future medical bills for ongoing treatment and care.  Jessica Newton has also suffered damages in the form of the cost of evaluations and inspections of her furnace, the replacement of her furnace, and cleaning and sanitizing her heating and cooling system.

**COUNT III:**
**NEGLIGENCE PER SE AGAINST BOB AND TERESA INC.**

38.     Plaintiff incorporates the foregoing allegations as though fully set forth herein.

39.     With regard to the subject occurrence described above, Defendant Bob and Teresa, Inc. violated provisions of the 2012 International Mechanical Code as adopted by WYANDOTTE CTY. /KAN. CITY, KAN. ORDINANCES § 8-279 (2019), including, without limitation:

a.      Section 501.3 (The air removed by every mechanical exhaust system shall be discharged outdoors at a point where it will not cause a nuisance . . .);

b.      Section 502.1.3 (Equipment, appliance and system service rooms that house sources of odors, fumes, noxious gases, smoke, steam, dust, spray or other contaminants shall be designed and constructed so as to prevent spreading of such contaminants to other occupied parts of the building);

c.      Section 510.5.2 (Regarding hazardous exhaust systems: The design of the system shall be such that the emissions are confined to the area in which they are generated by air currents, hoods, or enclosures and shall be exhausted by a duct system to a safe location or treated by removing contaminants);

d.      Section 510.5.7 (Hazardous exhaust duct systems shall extend directly to the exterior of the building and shall not extend into or through ducts and plenums); and

e.      Section 510.8.1 (Ducts shall be made tight with lap joints having a minimum lap of 1 inch (25 mm)).

40.      Defendant Bob and Teresa, Inc., by and through its agents, servants and employees, breached their duty to exercise ordinary care and were thereby negligent in the following ways:

a.      In failing to ensure the exhaust from Plaintiff's furnace was discharged outside her home and instead allowing the exhaust to be discharged inside Plaintiff's home, Defendant Bob and Teresa, Inc. violated Section 501.3;

b.      In failing to design, construct, and install Plaintiff's furnace and heating system to prevent odors, fumes, noxious gases, smoke, steam, dust, spray, or other contaminates, including carbon monoxide, from spreading to other parts of Plaintiff's home and instead allowing such odors, fumes, noxious gases, smoke, steam, dust, spray or other contaminates, including carbon monoxide, to spread to other parts of Plaintiff's home, Defendant Bob and Teresa, Inc. violated Section 502.1.3;

c.      In failing to design Plaintiff's furnace and heating system to ensure that emissions, including carbon monoxide, were confined to the area in which they were generated

and exhausted to a safe location and instead allowing such emissions to be exhausted unsafely into Plaintiff's home, Defendant Bob and Teresa, Inc. violated Section 510.5.2;

        d.     In failing to design, construct, and install a duct system from Plaintiff's furnace that extended directly to the exterior of the building and instead designing, constructing, and installing a duct system with holes by which the exhaust could escape the duct system inside Plaintiff's home, Defendant Bob and Teresa, Inc. violated Section 510.5.7; and

        e.     In designing, constructing, and installing ductwork with openings or holes inside Plaintiff's home, Defendant Bob and Teresa, Inc. violated Section 510.8.1.

41.     Jessica Newton, as an owner and resident of a home in Wyandotte County and a purchaser of Defendant Bob and Teresa Inc's services, was a member of the class of persons intended to be protected by the above-referenced statutes and/or regulations.

42.     The personal injuries sustained by Jessica Newton were of the kind the above-referenced statutes and/or regulations were designed to prevent.

43.     As a direct and proximate result of the negligence of Defendant Bob and Teresa, Inc., by and through its agents, servants and employees, Jessica Newton. suffered injuries, and permanent disability. Jessica Newton has suffered and will continue to suffer in the future pain, suffering, disability, disfigurement mental anguish, deterioration of her physical and mental status, loss of earnings, loss of employment benefits, and a reduction of her enjoyment of life. In addition, Jessica Newton has suffered damages in the form of past medical bills and expects to incur future medical bills for ongoing treatment and care. Jessica Newton has also suffered damages in the form of the cost of evaluations and inspections of her furnace, of the replacement of her furnace, and of cleaning and sanitizing her furnace.

## COUNT IV:
## NEGLIGENCE PER SE AGAINST AMERICAN RESIDENTIAL SERVICES L.L.C.

44.     Plaintiff incorporates the foregoing allegations as though fully set forth herein.

45.     With regard to the subject occurrence described above, Defendant American Residential Services L.L.C. violated provisions of the 2012 International Mechanical Code as adopted by WYANDOTTE CTY. /KAN. CITY, KAN. ORDINANCES § 8-279 (2019), including, without limitation:

        a.     Section 501.3 (The air removed by every mechanical exhaust system shall be discharged outdoors at a point where it will not cause a nuisance . . .);

        b.     Section 502.1.3 (Equipment, appliance and system service rooms that house sources of odors, fumes, noxious gases, smoke, steam, dust, spray or other contaminants shall be designed and constructed so as to prevent spreading of such contaminants to other occupied parts of the building);

        c.     Section 510.5.2 (Regarding hazardous exhaust systems: The design of the system shall be such that the emissions are confined to the area in which they are generated by air currents, hoods, or enclosures and shall be exhausted by a duct system to a safe location or treated by removing contaminants);

        d.     Section 510.5.7 (Hazardous exhaust duct systems shall extend directly to the exterior of the building and shall not extend into or through ducts and plenums); and

        e.     Section 510.8.1 (Ducts shall be made tight with lap joints having a minimum lap of 1 inch (25 mm)).

46.     Defendant American Residential Services L.L.C., by and through its agents, servants and employees, breached their duty to exercise ordinary care and were thereby negligent in the following ways:

a.     In failing to ensure the exhaust from Plaintiff's furnace was discharged outside her home and instead allowing the exhaust to be discharged inside Plaintiff's home, Defendant American Residential Services L.L.C. violated Section 501.3;

b.     In failing to design, construct, and install Plaintiff's furnace and heating system to prevent odors, fumes, noxious gases, smoke, steam, dust, spray, or other contaminates, including carbon monoxide, from spreading to other parts of Plaintiff's home and instead allowing such odors, fumes, noxious gases, smoke, steam, dust, spray or other contaminates, including carbon monoxide, to spread to other parts of Plaintiff's home, Defendant American Residential Services L.L.C. violated Section 502.1.3;

c.     In failing to design Plaintiff's furnace and heating system to ensure that emissions, including carbon monoxide, were confined to the area in which they were generated and exhausted to a safe location and instead allowing such emissions to be exhausted unsafely into Plaintiff's home, Defendant American Residential Services L.L.C. violated Section 510.5.2;

d.     In failing to design, construct, and install a duct system from Plaintiff's furnace that extended directly to the exterior of the building and instead designing, constructing, and installing a duct system with holes by which the exhaust could escape the duct system inside Plaintiff's home, Defendant American Residential Services L.L.C. violated Section 510.5.7; and

e.     In designing, constructing, and installing ductwork with openings or holes inside Plaintiff's home, Defendant American Residential Services L.L.C. violated Section 510.8.1.

47.     Jessica Newton, as an owner and resident of a home in Wyandotte County and a purchaser of Defendant American Residential Services L.L.C.'s services, was a member of the class of persons intended to be protected by the above-referenced statutes and/or regulations.

48.     The personal injuries sustained by Jessica Newton were of the kind the above-referenced statutes and/or regulations were designed to prevent.

49.     As a direct and proximate result of the negligence of Defendant American Residential Services L.L.C., by and through its agents, servants and employees, Jessica Newton. suffered injuries, and permanent disability.  Jessica Newton has suffered and will continue to suffer in the future pain, suffering, disability, disfigurement mental anguish, deterioration of her physical and mental status, loss of earnings, loss of employment benefits, and a reduction of her enjoyment of life. In addition, Jessica Newton has suffered damages in the form of past medical bills and expects to incur future medical bills for ongoing treatment and care.  Jessica Newton has also suffered damages in the form of the cost of evaluations and inspections of her furnace, of the replacement of her furnace, and of cleaning and sanitizing her furnace.

### COUNT V:
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### AGAINST BOB AND TERESA, INC.

50.     Defendant Bob and Teresa, Inc. is and was at all relevant times a merchant of heating and air conditioning systems and their components, including but not limited to furnaces, humidifiers, vents, and exhaust systems within the meaning of K.S.A. 84-2-104(1).

51.     Furnaces, humidifiers, vents, exhaust systems, and associated parts are goods within the meaning of K.S.A. 84-2-105(1).

52.     A warranty that goods shall be merchantable and fit for the ordinary purposes for which such goods are used is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

53.     At all relevant times, Defendant Bob and Teresa, Inc. had a duty implied by law to provide goods fit for the ordinary purposes for which they are used and that would pass without objection in trade for their product description.

54.     Defendant Bob and Teresa, Inc.'s implied warranty that the furnace, humidifier, vents, exhaust systems, and associated parts installed in Plaintiff's home were merchantable was part of the basis of the bargain between Plaintiff and Defendant Bob and Teresa, Inc.

55.     Defendant Bob and Teresa, Inc. has not validly disclaimed, excluded, or modified the implied warranties and/or duties described herein, and/or any attempted disclaimer or exclusion of the same was and is ineffectual.

56.     Defendant Bob and Teresa, Inc. breached the implied warranty of merchantability because the furnace, humidifier, and accompanying system installed in Plaintiff's home were not merchantable in that they were not fit for the ordinary purpose in which such goods are used. Specifically, the humidifier caused condensation to accumulate to such a degree that it became unusable for its ordinary purpose and the furnace, vents, and exhaust systems were installed with holes that allowed carbon monoxide to be released into the house rendering it unusable for its ordinary purpose.

57.     As a result of Defendant Bob and Teresa, Inc.'s breach of its implied warranty, Plaintiff has suffered damages, injury in fact, and/or ascertainable loss, in an amount to be determined at trial.

## COUNT VI:
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## AGAINST AMERICAN RESIDENTIAL SERVICES, L.L.C.

58.     Defendant American Residential Services L.L.C. is and was at all relevant times a merchant of heating and air conditioning systems and their components, including but not limited to furnaces, humidifiers, vents, and exhaust systems within the meaning of K.S.A. 84-2-104(1).

59.     Furnaces, humidifiers, vents, exhaust systems, and associated parts are goods within the meaning of K.S.A. 84-2-105(1).

60.     A warranty that goods shall be merchantable and fit for the ordinary purposes for which such goods are used is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

61.     At all relevant times, Defendant American Residential Services L.L.C. had a duty implied by law to provide goods fit for the ordinary purposes for which they are used and that would pass without objection in trade for their product description.

62.     Defendant American Residential Services L.L.C.'s implied warranty that the furnace, humidifier, vents, exhaust systems, and associated parts installed in Plaintiff's home were merchantable was part of the basis of the bargain between Plaintiff and Defendant American Residential Services L.L.C.

63.     Defendant American Residential Services L.L.C. has not validly disclaimed, excluded, or modified the implied warranties and/or duties described herein, and/or any attempted disclaimer or exclusion of the same was and is ineffectual.

64.     Defendant American Residential Services L.L.C. breached the implied warranty of merchantability because the furnace, humidifier, and accompanying system installed in Plaintiff's home were not merchantable in that they were not fit for the ordinary purpose in

which such goods are used. Specifically, the humidifier caused condensation to accumulate to such a degree that it became unusable for its ordinary purpose and the furnace, vents, and exhaust systems were installed with holes that allowed carbon monoxide to be released into the house rendering it unusable for its ordinary purpose.

65. As a result of Defendant American Residential Services L.L.C.'s breach of its implied warranty, Plaintiff has suffered damages, injury in fact, and/or ascertainable loss, in an amount to be determined at trial.

**COUNT VII:**
**BREACH OF IMPLIED WARRANTY AGAINST BOB AND TERESA, INC.**

66. Implied in every contract for services is a duty to perform those services in a workmanlike manner.

67. Defendant Bob and Teresa Inc.'s implied warranty that the furnace, humidifier, vents, exhaust systems, and associated parts be installed in Plaintiff's home in a workmanlike manner was part of the basis of the bargain between Plaintiff and Defendant Bob and Teresa Inc.

68. Defendant Bob and Teresa Inc. has not validly disclaimed, excluded, or modified the implied warranties and/or duties described herein, and/or any attempted disclaimer or exclusion of the same was and is ineffectual.

69. Defendant Bob and Teresa Inc. breached the implied warranty of merchantability because the furnace, humidifier, and accompanying system installed in Plaintiff's home were not installed in a workmanlike manner. Specifically, the humidifier caused condensation to accumulate to such a degree that it became unusable for its ordinary purpose and the furnace, vents, and exhaust systems were installed with holes that allowed carbon monoxide to be released into the house rendering it unusable for its ordinary purpose.

70.     As a result of Defendant Bob and Teresa Inc.'s breach of its implied warranty, Plaintiff has suffered damages, injury in fact, and/or ascertainable loss, in an amount to be determined at trial.

**COUNT VIII:**
**BREACH OF IMPLIED WARRANTY AGAINST**
**AMERICAN RESIDENTIAL SERVICES, L.L.C.**

71.     Implied in every contract for services is a duty to perform those services in a workmanlike manner.

72.     Defendant American Residential Services L.L.C.'s implied warranty that the furnace, humidifier, vents, exhaust systems, and associated parts be installed in Plaintiff's home in a workmanlike manner was part of the basis of the bargain between Plaintiff and Defendant American Residential Services.

73.     Defendant American Residential Services L.L.C. has not validly disclaimed, excluded, or modified the implied warranties and/or duties described herein, and/or any attempted disclaimer or exclusion of the same was and is ineffectual.

74.     Defendant American Residential Services L.L.C. breached the implied warranty of merchantability because the furnace, humidifier, and accompanying system installed in Plaintiff's home were not installed in a workmanlike manner. Specifically, the humidifier caused condensation to accumulate to such a degree that it became unusable for its ordinary purpose and the furnace, vents, and exhaust systems were installed with holes that allowed carbon monoxide to be released into the house rendering it unusable for its ordinary purpose.

75.     As a result of Defendant American Residential Services L.L.C.'s breach of its implied warranty, Plaintiff has suffered damages, injury in fact, and/or ascertainable loss, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants Bob and Teresa, Inc. and American Residential Services L.L.C. by and through their agents, servants and employees, in an amount in excess of seventy-five thousand dollars ($75,000.00); that the Court award a fair and reasonable amount to compensate Plaintiff for all of his damages; and that the Court award Plaintiff attorney fees, prejudgment interest on the judgment, the cost of this action, and any other relief the Court deems just, equitable, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in the above-captioned case.

Respectfully Submitted,

SHAMBERG, JOHNSON & BERGMAN, CHARTERED

*/s/ Daniel A. Singer*
Daniel A. Singer, KS# 24834
Ashley E. Billam, KS# 28027
2600 Grand Boulevard, Suite 550
Kansas City, MO  64108
816 474-0004 Office
816 474-0003 Facsimile
dsinger@sjblaw.com
abillam@sjblaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th of March, 2020, the above and foregoing was filed electronically with the Clerk of the Court by using the Kansas E-filing system which will send a notice of electronic filing to all attorneys of record and was also sent via email to:

John J. Fogarty KS #22783
Manz Swanson Hall Fogarty & Gellis, P.C.
1100 Main Street, Suite 1930
Kansas City, Missouri 64105
Telephone: (816) 472-5310
Facsimile: (816) 472-5320
jfogarty@mslawkc.com
**ATTORNEYS FOR DEFENDANT**
**BOB AND TERESA, INC. d/b/a**
**BOB HAMILTON PLUMBING, INC.**

*/s/ Daniel A. Singer*
**ATTORNEYS FOR PLAINTIFF**