# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JESSICA NEWTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **BOB AND TERESA, INC. d/b/a,** | ) | **Case No.: 2:20-cv-02175-HLT-JPO** |
| **BOB HAMILTON PLUMBING, INC.** | ) | |
| **AND AMERICAN RESIDENTIAL** | ) | |
| **SERVICES L.L.C. d/b/a BOB HAMILTON** | ) | |
| **PLUMBING, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT AMERICAN RESIDENTIAL SERVICES L.L.C. d/b/a BOB HAMILTON d/b/a BOB HAMILTON PLUMBING, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Defendant American Residential Services L.L.C. d/b/a Bob Hamilton Plumbing, Inc. ("Defendant ARS"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's First Amended Petition for Damages (Doc. 5, pp. 71-89) states as follows:

1.     Plaintiff's First Amended Petition for Damages fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

2.     Defendant "Bob and Teresa, Inc. d/b/a Bob Hamilton Plumbing, Inc." is the incorrect party in interest.

3.     Defendant ARS objects to and denies that Plaintiff is entitled to the relief requested in her prayer for relief.

4.     Defendant ARS denies each and every legal conclusion and allegation of fact contained in Plaintiff's First Amended Petition for Damages that is not admitted herein

**PARTIES**

5.      Defendant ARS admits Paragraph 1 of Plaintiff's First Amended Petition for Damages.

6.      Defendant ARS denies Paragraph 2 of Plaintiff's First Amended Petition for Damages. Defendant Bob and Teresa, Inc. does not do and has not done business as "Bob Hamilton Plumbing, Inc." and Defendant Bob and Teresa, Inc. has been improperly named as a defendant in this case.

7.      In response to Paragraph 3 of Plaintiff's First Amended Petition for Damages, Defendant ARS is a Delaware limited liability company owned by Delaware limited liability companies, ARS Acquisition Holdings, LLC and ARS Intermediate Holdings, LLC, whose members are residents of states other than Kansas.  For its further answer to Paragraph 3, Defendant ARS admits that all events alleged in Plaintiff's First Amended Petition for Damages occurred after Defendant ARS purchased Bob Hamilton Plumbing, Inc. and that it may be served through its registered agent, Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

8.      Defendant ARS is without sufficient information to admit or deny the allegations in Paragraph 4 of the Plaintiff's First Amended Petition for Damages and, therefore, denies the same.

**JURISDICTION AND VENUE**

9.      Paragraphs 5-8 of Plaintiff's First Amended Petition for Damages all state legal conclusions for which no response is required. To the extent any response is required, Defendant ARS is without sufficient information to admit or deny the allegations in Paragraphs 5-8 and, therefore, denies the same. For its further answer to Plaintiff's First Amended Petition for Damages, Defendant ARS states that jurisdiction and venue is appropriate with the United States District Court for the District of Kansas.

## AGENCY

10.     As stated, Defendant ARS denies Paragraph 9 of Plaintiff's First Amended Petition for Damages.

## ALLEGATIONS COMMON TO ALL COUNTS

11.     As stated, Defendant ARS denies Paragraphs 10-12 of Plaintiff's First Amended Petition for Damages.

12.     Defendant ARS is without sufficient information to admit or deny the allegations contained in Paragraphs 13 of Plaintiff's First Amended Petition for Damages and, therefore, denies the same.

13.     As stated, Defendant ARS denies Paragraphs 14-15 of Plaintiff's First Amended Petition for Damages.

14.     Defendant ARS is without sufficient information to admit or deny the allegations contained in Paragraphs 16-20 of Plaintiff's First Amended Petition for Damages and, therefore, denies the same.

15.     As stated, Defendant ARS denies Paragraphs 21-22 of Plaintiff's First Amended Petition for Damages.

16.     In response to Paragraph 23 of Plaintiff's First Amended Petition for Damages, Defendant ARS admits an inspection occurred by the Unified Government of Wyandotte County/Kansas City, Kansas Building Inspection Division.  The remainder of Paragraph 23 calls for a legal conclusion for which no response is required, and to the extent a response is required, Defendant ARS denies the same.

17.     Defendant ARS is without sufficient information to admit or deny the allegations contained in Paragraphs 24-25 of Plaintiff's First Amended Petition for Damages and, therefore, denies the same.

18.     As stated, Defendant ARS denies Paragraphs 26-29 of Plaintiff's First Amended Petition for Damages.

### COUNT I:
### NEGLIGENCE AGAINST BOB AND TERESA, INC.

19.     In response to Paragraph 30 of Plaintiff's First Amended Petition for Damages, Defendant ARS  incorporates Paragraphs 1-18 of its Answer as if fully set forth herein.

20.     Allegations set forth in Paragraphs 31-33 of Plaintiff's First Amended Petition for Damages are asserted against separate defendant "Bob and Teresa, Inc. d/b/a Bob Hamilton Plumbing, Inc." to which no response is required by Defendant ARS. To the extent a response is required, Defendant ARS denies the same.

### COUNT II:
### NEGLIGENCE AGAINST AMERICAN RESIDENTIAL SERVVICES L.L.C.

21.     In response to Paragraph 34 of Plaintiff's First Amended Petition for Damages, Defendant ARS incorporates Paragraphs 1-20 of its Answer as if fully set forth herein.

22.     Paragraph 35 of Plaintiff's First Amended Petition for Damages is a legal conclusion for which no response is required. To the extent a response is necessary, Defendant ARS denies the same.

23.     As stated, Defendant ARS denies Paragraphs 36-37 of Plaintiff's First Amended Petition for Damages, including all subparts.

### COUNT III:
### NEGLIGENCE PER SE AGAINST BOB AND TERESA, INC.

24.     In response to Paragraph 38 of Plaintiff's First Amended Petition for Damages, Defendant ARS incorporates Paragraphs 1-23 of its Answer as if fully set forth herein.

25.     Allegations set forth in Paragraphs 39-43 of Plaintiff's First Amended Petition for Damages are asserted against separate defendant "Bob and Teresa, Inc. d/b/a Bob Hamilton

Plumbing, Inc." to which no response is required by Defendant ARS. To the extent a response is required, Defendant ARS denies the same.

## COUNT IV:
## NEGLIGENCE PER SE AGAINST AMERICAN RESIDENTIAL SERVICES L.L.C.

26.     In response to Paragraph 44 of Plaintiff's First Amended Petition for Damages, Defendant ARS incorporates Paragraphs 1-25 of its Answer as if fully set forth herein.

27.     As stated, Defendant ARS denies Paragraphs 45-49 of Plaintiff's First Amended Petition for Damages, including all subparts.

## COUNT V:
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## AGAINST BOB AND TERESA, INC.

28.     Allegations set forth in Paragraphs 50-57 of Plaintiff's First Amended Petition for Damages are asserted against separate defendant "Bob and Teresa, Inc. d/b/a Bob Hamilton Plumbing, Inc." to which no response is required by Defendant ARS. To the extent a response is required, Defendant ARS denies the same.

## COUNT VI:
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## AGAINST AMERICAN RESIDENTIAL SERVICES L.L.C.

29.     In response to Paragraphs 58-63 of the First Amended Petition for Damages, Defendant ARS states that these paragraphs are legal conclusions for which no response is required. To the extent a response is necessary, Defendant ARS denies these paragraphs.

30.     Defendant ARS denies Paragraphs 64-65 of plaintiff's First Amended Petition for Damages.

## COUNT VII:
## BREACH OF IMPLIED WARRANTY AGAINST BOB AND TERESA, INC.

31.     Allegations set forth in Paragraphs 66-70 of Plaintiff's First Amended Petition for Damages are asserted against separate defendant "Bob and Teresa, Inc. d/b/a Bob Hamilton Plumbing, Inc." to which no response is required by Defendant ARS. To the extent a response is required, Defendant ARS denies the same.

## COUNT VIII:
## BREACH OF IMPLIED WARRANTY AGAINST
## AMERICAN RESIDENTIAL SERVICES L.L.C.

32.     In response to Paragraphs 71-73 of Plaintiff's First Amended Petition for Damages, Defendant ARS states that these paragraphs are legal conclusions for which no response is required. To the extent a response is necessary, Defendant ARS denies these paragraphs.

33.     Defendant ARS denies Paragraphs 74-75 of Plaintiff's First Amended Petition for Damages.

34.     Defendant ARS denies that Plaintiff is entitled to any of the relief sought by the "Wherefore" paragraph of Plaintiff's First Amended Petition for Damages.

## AFFIRMATIVE DEFENSES

35.     For its further answer and defense, Defendant ARS states that the Plaintiff's First Amended Petition for Damages, and all counts thereof, fail to state a cause of action against it upon which relief can be granted and that all counts thereof should be dismissed.

36.     For its further answer and defense to the First Amended Petition for Damages, Defendant ARS states that Plaintiff's claims are barred by the applicable statute of limitations.

37.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff's negligence claims are barred by the economic loss doctrine.

38.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff's claims are barred by the doctrines of waiver and estoppel.

39.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff's claims are barred by an accord and satisfaction.

40.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff's claims are barred by the doctrine of payment.

41.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff's claims are barred by a release.

42.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff's damages, if any, were caused, in whole or in part, by the actions or omissions of others over whom Defendant ARS has no control.

43.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff's claims for breach of implied warranties are barred, in whole or in part, by Plaintiff's failure to give timely and sufficient notice of such alleged breaches, as required by law.

44.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff's claim for breach of implied warranty of merchantability is barred for the reason that the goods allegedly sold were not defective nor does Plaintiff assert that a defect existed at the time of the sale, as required by law.

45.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff's claims for breach of implied warranties are

barred, in whole or in part, for the reason that said alleged implied warranties have been excluded, disclaimed or limited.

46.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff has failed to mitigate her damages, if any, in whole or in part.

47.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that the fault of all persons and parties must be ascertained and compared pursuant to K.S.A. 60-258a.  In particular, Plaintiff's alleged damages were caused or contributed to be caused by Plaintiff's negligence or the negligence of others over whom Defendant ARS had no control. Defendant ARS specifically avails itself of the right to compare the fault of others pursuant to K.S.A. § 60-258a, including the fault of Plaintiff and of any other individual(s) or entities determined to be at fault through the discovery process.

48.     For its further answer and defense to the First Amended Petition for Damages, Defendant ARS states that Plaintiff's alleged damages were caused or contributed to be caused by the fault or negligence of Plaintiff, over whom Defendant ARS had no control. Negligence on the part of Plaintiff diminishes or completely bars her recovery against Defendant ARS.

49.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, in the event that medical expenses are established as a source of damages, such amounts should be offset by applicable credits, write-off, adjustments, and other actions causing such amounts to be forgiven or not charged to Plaintiff.

50.     For its further answer and defense to Plaintiff's First Amended Petition for Damages, Defendant ARS states that Plaintiff's claims may be barred or limited by the Kansas Product Liability Act, K.S.A. § 60-3301, *et seq.*

51.     Defendant ARS hereby gives notice that it intends to rely on any other defenses that may become known or apparent during discovery, or from the evidence at trial, and hereby reserves its right to amend its Answer to assert any such defenses.

WHEREFORE, having fully answered Plaintiff's First Amended Petition for Damages and having raised and pled its Affirmative Defenses, separate defendant American Residential Services, L.L.C. d/b/a Bob Hamilton Plumbing, Inc. requests that judgment be entered in its favor, that this Court dismiss Plaintiff's First Amended Petition for Damages at Plaintiff's cost and for such other and further relief as this Court deems proper.

## JURY DEMAND

Separate defendant American Residential Services, L.L.C. d/b/a Bob Hamilton Plumbing, Inc. hereby requests a trial by jury as to all issues so triable.

Respectfully submitted,

MANZ SWANSON HALL FOGARTY & GELLIS P.C.


*/s/ Theresa Shean Hall*
John J. Fogarty       KS #22783
Theresa Shean Hall    KS Fed. Bar  #78079
1100 Main Street, Suite 1930
Kansas City, Missouri 64105
Telephone:     (816) 472-5310
Facsimile:      (816) 472-5320
jfogarty@mslawkc.com
thall@mslawkc.com
**ATTORNEYS FOR DEFENDANTS
AMERICAN RESIDENTIAL SERVICES d/b/a
BOB HAMILTON PLUMBING, INC AND BOB
AND TERESA, INC. d/b/a BOB HAMILTON
PLUMBING, INC.**

<u>**Certificate of Service**</u>

I hereby certify that on this 9th day of April, 2020, a copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Daniel A. Singer, KS# 24834
Shamberg, Johnson & Bergman, Chartered
2600 Grand Boulevard, Suite 550
Kansas City, Missouri  64108
Ph:  816-474-0004
Fx:  816-474-0003
dsinger@sjblaw.com
**ATTORNEY FOR PLAINTIFF**
**JESSICA NEWTON**

*/s/Theresa Shean Hall*
Theresa Shean Hall