**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JESSICA NEWTON,**

**Plaintiff,**

**v.**

**BOB AND TERESA, INC. d/b/a BOB HAMILTON PLUMBING, INC., et al.,**

**Defendants.**

**Case No. 2:20-cv-02175-HLT**

**ORDER**

Defendant American Residential Services L.L.C. d/b/a Bob Hamilton Plumbing, Inc. ("ARS") removed this case based on this Court's diversity jurisdiction under 28 U.S.C. § 1332. This statute states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ."

Defendant ARS failed to properly identify the citizenship of the parties, so the Court issued a Show Cause Order requiring Defendant ARS to show cause in writing on or before April 22, 2020, why this case should not be remanded to state court for lack of subject-matter jurisdiction. Doc. 4. Although Defendant ARS timely responded, it conceded that it "does not have sufficient information to comply with this Court's show cause order" and acknowledged that "without this information, the Court cannot determine if plaintiff and this defendant are completely diverse as it must to exercise diversity jurisdiction over this action." Doc. 7 at 1-2. The Court agrees that it cannot determine subject-matter jurisdiction without this information. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *see also Mgmt. Nominees, Inc. v. Alderney Invs., L.L.C.*, 813 F.3d 1321, 1324 (10th Cir. 2016) (holding the court must include all

of an entity's members "in determining the citizenship of an unincorporated association for purposes of diversity"). Accordingly, Defendant ARS fails to carry its burden, and the Court remands this case to state court. *See United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege . . . the facts essential to show jurisdiction." (internal quotation and citation omitted)).

THE COURT THEREFORE ORDERS that this case is REMANDED to the District Court of Wyandotte County, Kansas,[1] for lack of subject-matter jurisdiction. The Court directs the Clerk of Court to take all necessary steps to effectuate this remand.

IT IS SO ORDERED.

DATED: April 23, 2020

*/s/ Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE

[1] The response to the Show Cause Order suggests that "remand of this case to the District Court of Johnson County, Kansas is in order." Doc. 7 at 2. But this case was removed from Wyandotte County District Court, Case No. 2019-CV-000674.